# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| GOWEN OIL COMPANY, | * | |
| Plaintiff, | * | |
| vs. | * | CV 512-039 |
| FOLEY & LARDNER, LLP, | * | |
| Defendant. | * | |

## ORDER

Presently before the Court are two Motions to Dismiss filed by Defendant Foley & Lardner. See Dkt. Nos. 6, 21. Defendants first Motion to Dismiss, Dkt. No. 6, was rendered **MOOT** by Plaintiffs' filing of an Amended Complaint. Defendants' Motion to Dismiss the Amended Complaint, Dkt. No. 21, is **DENIED**.

### BACKGROUND

According to Plaintiff Gowen Oil's Complaint, Gowen Oil retained Foley & Lardner to "help [Gowen Oil] with its business transactions related to . . . supplying . . . gasoline to retail outlets. Dkt. No. 1 ¶ 6; Dkt. No. 17 ¶ 2. Specifically, Gowen Oil requested that Foley & Lardner draft certain agreements to protect Gowen Oil in business dealings with stations owned by United Fuel, Inc. Dkt. No. 1 ¶ 7; Dkt. No. 17 ¶ 2. Gowen Oil

1

alleges, "[u]pon information and belief," it "had a written agreement with the Defendant lawfirm [sic] regarding its provision of legal services." Dkt. No. 17 ¶ 8.

Foley & Lardner negotiated a sales contract with United Fuel that provided Gowen Oil with a right of first refusal in certain gas stations. Dkt. No. 1 ¶ 14; Dkt. No. 17 ¶ 2. This right of first refusal helped secure Gowen Oil's position because, as a fuel distributor, Gowen Oil would extend large amounts of fuel to United Fuel on credit and would not be paid until later. Dkt. No. 1 ¶ 11; Dkt. No. 17 ¶ 2. Gowen Oil's need to secure its position was "well known" to Foley & Lardner. Dkt. No. 1 ¶ 13; Dkt. No. 17 ¶ 2.

"Based upon the advice, decision and omission of [Foley & Lardner], no real estate recording was made reflecting a right of first refusal in Gowen Oil in the appropriate public records." Dkt. No. 1 ¶ 15; Dkt. No. 17 ¶ 2. Although Foley & Lardner made a U.C.C. filing, it "made no reference to a real estate contract right of first refusal." Dkt. No. 1 ¶ 15; Dkt. No. 17 ¶ 2.

Sometime in late 2007 to early 2008, United Fuel sold its interest in the gas stations at issue. Dkt. No. 17 ¶ 1. Gowen Oil alleges this occurred without Gowen Oil's knowledge and without an opportunity for Gowen Oil to exercise its right of first refusal. Dkt. No. 17. Gowen Oil asserts that it only

2

AO 72A
(Rev. 8/82)

learned of the sale "weeks after it occurred." Dkt. No. 1 ¶ 18; Dkt. No. 17 ¶ 2. Gowen Oil was later told by Greenberg Traurig, the Miami-based law firm that orchestrated the sale, that "no duty arose for [United Fuel or its affiliates] to notify Gowen Oil of the sale . . . . because there was no public record either by way of a U.C.C. filing or filing of record of a notice/contract showing a right of first refusal in these properties in Gowen Oil." Dkt. No. 1 ¶ 19; Dkt. No. 17 ¶ 2.

Gowen Oil accordingly questioned its own counsel, Foley & Lardner, about this issue and was reportedly told that "Greenberg Trau[r]ig's statements were useless and there was no requirement to say Plaintiff's right of first refusal needed to be filed of record." Dkt. No. 1 ¶ 20; Dkt. No. 17 ¶ 2. According to the Complaint, "[i]n 2008, 2009, and 2010, the Defendant constantly assured Plaintiff that its security interest was perfected in its rights of first refusal." Dkt. No. 17 ¶ 6. Gowen Oil alleges "this advice appears to be contrived and knowingly false" and was "contrived to deter the Plaintiff from pursuing a civil action against [Foley & Lardner], and was contrived to relieve the Defendant from any exposure to Plaintiff for its losses." Dkt. No. 17 ¶ 7.

In the Affidavit of Mark Gowen attached to Plaintiffs original Complaint, Mark Gowen stated that Gowen Oil retained Foley & Lardner to litigate and "work through" the issue

3

regarding to the enforceability of the right of first refusal. Dkt. No. 1, Ex. 2 ¶ 16. Foley & Lardner's bill for this work was approximately $500,000. Dkt. No. 1, Ex. 2 ¶ 16.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

It is important to note that while the factual allegations set forth in the complaint are to be considered true at the motion to dismiss stage, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-

4

Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S.Ct. at 1949). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. The court does not need to "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

Lastly, the Court notes that exhibits attached to pleadings become part of a pleading. Fed. R. Civ. P. 10(c). Consequently, a court may consider documents attached to a complaint as exhibits in resolving a motion to dismiss without converting the motion to one for summary judgment. Taylor v. Appleton, 30 F.3d 1365, 1368 n.3 (11th Cir. 1994).

## DISCUSSION

Foley & Lardner argues that Gowen Oil's suit should be dismissed because their claim is barred by the applicable statute of limitations. "Dismissal under Federal Rule of Civil Procedure 12(b)(6) "on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred." Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1288 (11th Cir. 2005) (quoting La Grasta v. First Union Sec., Inc., 358 F.2d 840, 845 (11th Cir. 2004)). Because this Court concludes that it is not apparent that the statute of limitations inevitably bars Gowen Oil's Complaint, dismissal is not appropriate.

5

The parties disagree about the applicable statute of limitations.[1] Foley & Lardner contends that the applicable statute of limitations is four years and the longer statute of limitations provided for in O.C.G.A. § 9-3-24 for actions based on written contracts cannot apply. See Dkt. Nos. 7, 15, 21.

In Newell Recycling of Atlanta, Inc. v. Jordan Jones & Goulding, Inc., the Georgia Supreme Court held that if a professional negligence action is premised on a written contract, then the six-year statute of limitations contained in O.C.G.A. § 9-3-24 applies. 703 S.E.2d 323, 325 (Ga. 2010). The court stated that "[w]here a complete written contract exists and an action for breach of contract is pursued, the [Georgia] Legislature and [the Georgia Supreme Court] have made clear that the six-year statute of limitation of O.C.G.A. § 9-3-24 applies, regardless of whether the alleged breach stems from the express terms of the agreement or duties that are implied in the agreement as a matter of law." Id. at 326.

---

[1] For the allegedly deficient U.C.C. filing, the statute of limitations began to run on the date of the filing, rather than Gowen Oil's later discovery of the deficiency. See Jones, Day, Reavis & Pogue v. American Envirecycle, Inc., 456 S.E.2d 264, 266 (Ga. Ct. App. 1995) ("[S]ince nominal damages arise upon the commission of the wrongful act, such nominal damages are sufficient as a triggering device for the statute of limitation and thus the cause of action then arises.") (citations omitted); Arnall, Golden & Gregory v. Health Serv. Ctr., Inc., 399 S.E.2d 565, 567 (Ga. Ct. App. 1990) (holding that statute of limitations on legal malpractice claim began to run upon execution of the negligently-drafted contract and not on later date when client attempted to exercise preexisting option).

6
AO 72A
(Rev. 8/82)

Foley & Lardner argue that the six-year statute of limitations cannot apply because Gowen Oil failed to allege a "complete written contract" and it is not asserting a breach of contract claim, both of which Foley & Lardner argue Newell requires. While Gowen Oil's Amended Complaint does not include the exact phrase "complete written contract," Gowen Oil clearly alleges that it "had a written agreement with [Foley & Lardner] regarding its provision of legal services." Dkt. No. 17 ¶ 8. Whether the agreement is "complete" is an issue best resolved later in the litigation. Secondly, the court in Newell stated that a six-year statute of limitations would apply whether the alleged breach of contract concerned the express terms of the agreements or the "implied promise to perform professionally." Id. at 325. Gowen Oil's Complaint sufficiently alleges a breach of an implied promise to perform professionally.

Importantly, this Court does not hold that the applicable statute of limitations is six years. At this stage, the Court only holds that it is not apparent from the Complaint that the statute of limitations must be four years.

Even if it could be determined at this point that the limitations period was four years, dismissal would still be inappropriate. Plaintiffs' Amended Complaint alleges that "[o]n numerous instances in 2008, 2009, 2010, and 2011," Foley & Lardner continued to assure Gowen Oil that its right of first

7

refusal was valid and enforceable. Dkt. No. 17 ¶ 4. As a result of Foley & Lardner's insistence, Gowen Oil incurred significant attorneys' fees attempting to resolve the issue, based on its belief that Foley & Lardner's filings were sufficient to protect its interest. Dkt. No. 1, Ex. 2 ¶ 16. According to Gowen Oil, Foley & Lardner's insistence that Gowen Oil's right of first refusal was properly recorded was "contrived and knowingly false." Dkt. No. 17 ¶ 7.

Foley & Lardner focuses on whether the "assurances" to Gowen Oil could toll the applicable statute of limitations. However, even apart from tolling, Gowen Oil's allegation is important in that it consists of other alleged acts of malpractice that occurred within four years of the deficient filing. See Jankowski v. Taylor, Bishop & Lee, 269 S.E.2d 871 (Ga. Ct. App. 1980) (finding it unnecessary to determine whether later false assurances were part of the original breach of contract or whether they were an independent action). Dismissal of the suit would be inappropriate because these later statements to Gowen Oil are not time barred.

As for tolling, Georgia law provides for tolling based on fraud when "the plaintiff has been debarred or deterred from bringing an action." O.C.G.A. § 9-3-96. This code section "has always been strictly construed to require (1) actual fraud involving moral turpitude, or (2) a fraudulent breach of a duty

8

to disclose that exists because of a relationship of trust and confidence." Hunter, Maclean, Exley & Dunn, P.C. v. Frame, 507 S.E.2d 411, 413 (Ga. 1998). In cases of professional malpractice, "the statute of limitations is tolled only upon a showing of a separate independent actual fraud involving moral turpitude which deters a plaintiff from filing." Id. at 413 (citing Shipman v. Horizon Corp., 267 S.E.2d 244 (Ga. 1980)). While the existence of an attorney-client relationship does not eliminate the need for fraud, "a confidential relationship imposes a greater duty on a defendant to reveal what should be revealed, and a lessened duty on the part of a plaintiff to discover what should be discoverable through the exercise of ordinary care." Id. at 414.

Gowen Oil has pled sufficient facts to support potential tolling. Gowen Oil alleges that Foley & Lardner repeatedly advised Gowen Oil that its right of first refusal was valid knowing this advice to be false and, as a result of this advice, Gowen Oil incurred substantial costs paying Foley & Lardner to resolve the issue based on the belief that Gowen Oil's right was valid. Dkt. No. 17 ¶ 7. Gowen Oil relied on Foley & Lardner's insistence that Greenberg Traurig's opinions to the contrary were "useless" and incorrect. While fraud "cannot consist of mere broken promises, unfilled predictions, or erroneous conjecture," Gowen Oil has alleged more than mere broken

9

promises. <u>Riddle v. Driebe</u>, 265 S.E.2d 92, 95 (Ga. Ct. App. 1980). Gowen Oil has alleged that, as a result of Foley & Lardner's insistence that its original actions were correct, Gowen Oil worsened its position by incurring further expenses. It is plausible that the evidence will show that tolling is warranted. Gowen Oil should have the opportunity to present such evidence, if it can.

## CONCLUSION

Defendants' Motion to Dismiss the Original Complaint, Dkt. No. 6, was **MOOTED** by Plaintiff's filing of an Amended Complaint. For the reasons stated above, Defendants' Motion to Dismiss the First Amended Complaint, Dkt. No. 21, is **DENIED**.

**SO ORDERED**, this 6th day of March, 2013.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA